McKinney, J.,
delivered the opinion of the Court.
This was an action of Trover, for the wrongful conversion of a slave, hired by York and wife, to Kirk, for the year 1856. The plaintiff recovered judgment for 81,000; which, from the proof, was the full value of the slave.
The title to the slave, by the Will of Charles Puckett, (father of Mrs. York,) was in Mrs. York for life, with remainder to her children.
No objection appears to have been made, on the trial, to a recovery by the plaintiffs, (who sued as the absolute *448 owners of the property,) of the full value of the slave, though vested with only a life interest in the wife. The only question properly presented by the record, is in respect to the competency of the witness, Wright, who was admitted to give evidence for the plaintiffs, after being-objected to by the defendant.
Wright intermarried with Mahala York, (the daughter of plaintiff, Mrs. York,) one of the several owners of the remainder interest in the slave in question.
To obviate the objection to his competency, Wright and wife executed a release of all the interest “which we have, or may acquire, in and to any sum of money that may be recovered of John Kirk, in the suit now pending,” &c. And thereupon, Wright, the husband, was held competent, and was examined for the plaintiffs; to which defendant objected. The objection, that the plaintiffs were not entitled to sue for, or recover, more than the value of their life interest in the slave, cannot now be urged by the plaintiff in error, as a ground of reversal — no such objection having been made in the Court below. It can only be incidentally considered, in so far as it may be necessarily involved in the question of the competency of the witness, Wright.
If the recovery had only been sought for the value of the life interest of the plaintiffs in the slave, perhaps, no valid objection could have been made to the competency of the witness; for, in the recovery of damages, to that extent, neither he, nor his wife, as one of the owners of the interest in remainder, would have had any legal interest in the event of the suit — though interested in the question, perhaps.
But, taking the case as it stands — the entire value of *449 tbe slave having been sued for, and recovered, by the tenants for life — can the witness be regarded as disqualified, on the ground of interest?
As husband, merely, of one of the owners of the remainder interest, he certainly has no present interest, as it is only in the double contingency of his surviving his wife, and the tenant for life also, that he can acquire any future interest. His marital right cannot attach, until the falling of the life estate; and even then, (in the event of his surviving his wife,) before distribution of the slaves, she may exclude his right, by asserting her equity to a settlement upon her, to her separate use.
It might well be doubted, whether such an interest is not too contingent and remote to disqualify the witness.
But, be this as it may, the release operates upon all the interest of the husband, and estops him, to set up any claim to any portion of the damages recovered.
This is so, although the release may be inoperative as to the wife, because not executed in such a manner as to bind her.
It is enough, to obviate the objection to his competency, that Ms interest is divested.
If it were conceded, for argument’s sake, that, in equity, the owners of the remainder interest in the slave, including Mrs. Wright’s, might be set up, claim to the entire amount of damages recovered in the present action, allowing to the latter the annual interest upon the fund during the continuance of her life interest, in lieu of her interest in the slave; the admission would be unavailing, because the release would as effectually preclude the husband from asserting any claim to the *450 fund in equity, (if such a suit might be maintained,) as in the present suit at law.
Or, if it even be assumed, that the owners of the remainder interest, (who are not parties to the present suit,) might bring another action against Kirk, to recover damages for the value of their interest in the slave, (though we intimate no opinion upon the question, whether or not they might do so,) it is clear, that the right to do so, if admissible to exist, would have no influence upon the question of Wright’s competency in the present suit: because, the right and interest of the remainderman, are, in this view, entirely separate and distinct from those of the tenant for life.
There is no error in the judgment, and it will be affirmed.